IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MANSIONS AT HASTINGS GREEN, LP | § | Case No. 10-39474-H3-11 |
| | § | |
| | § | |
| MANSIONS AT HASTING GREEN, SENIOR, LP | § | Case No. 10-39476-H3-11 |
| | § | |
| DEBTORS | § | (Chapter 11) |
| | § | **Jointly Administered Under** |
| | § | **Case No. 10-39474-H3-11** |

<u>ADVERSARY PROCEEDING</u>

| | | |
|---|---|---|
| JAMES FRED HOFHEINZ AND NATIONS CONSTRUCTION MANAGEMENT, INC. | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | ADVERSARY NO. |
| VS. | § | 11-03026 |
| | § | |
| RED CAPITAL MARKETS, LLC, | § | |
| SCDC, LLC, AND JOHN DOES 1-10 | § | |
| DEFENDANTS | § | |

**MOTION TO DISMISS AND, SUBJECT THERETO,
ORIGINAL ANSWER OF DEFENDANTS RED
CAPITAL MARKETS, LLC, AND SCDC, LLC**

Pursuant to Federal Rules of Civil Procedure 8(b)-(c) and 12(b)(6), Defendants Red

Capital Markets, LLC ("Red") and SCDC, LLC ("SCDC") (collectively "Defendants") file this

Motion to Dismiss and, Subject Thereto, Original Answer to the Complaint (Dkt. #107) of

Plaintiffs James Fred Hofheinz ("Hofheinz") and Nations Construction Management, Inc.

("Nations") (collectively "Plaintiffs"), as follows:

## Rule 12(b)(6) Motion to Dismiss

Plaintiffs have failed to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and this Court should dismiss their claims.  Red and SCDC are contemporaneously filing a separate brief in support of this Motion to Dismiss.

## Specific Responses

Pursuant to Federal Rule of Civil Procedure 8(b), Red and SCDC generally deny all allegations in Plaintiffs' Complaint except for those specifically admitted, and further respond to the specific paragraphs of the Complaint as follows:

1.      Denied.   However, the Debtor Partnerships are filing adversary proceedings which arise out of and relate to the same transactions and occurrences made the subject of Plaintiffs' Complaint.  Defendants will seek to consolidate the Debtor Partnerships' adversary proceedings and this action.

2.      Denied.   However, the Debtor Partnerships are filing adversary proceedings which arise out of and relate to the same transactions and occurrences made the subject of Plaintiffs' Complaint.  Defendants will seek to consolidate the Debtor Partnerships' adversary proceedings and this action.

3.      Denied.

4.      Admitted.

5.      Denied that SCDC is the "alter-ego" of Red.   Denied that SCDC filed the voluntary bankruptcy petitions.  The other allegations of Paragraph 5 are admitted.

6.      No response is required.

7.      Admitted.

8.      Denied that the partnership agreements forming the Debtor Partnerships were signed on July 17, 2007.  It is admitted that Amended and Restated Agreements of Limited Partnership ("Partnership Agreements") were signed on that date.  It is denied that the two Mansions projects were successfully completed.  The other allegations of Paragraph 8 are admitted.

9.      Denied that Citibank demanded that Red refinance the bonds and pay back Citibank.  Denied that Red Capital "refused or was unable to" refinance the bonds and pay back Citibank.  The other allegations of Paragraph 9 are admitted.

10.     Defendants are without sufficient information to admit or deny the first sentence of Paragraph 10, which is therefore denied.  The second sentence of Paragraph 10 is denied.  Defendants are without sufficient information to admit or deny the allegations of the sixth and seventh sentences of Paragraph 10, which are therefore denied.  The allegations of the eighth sentence of Paragraph 10 are denied.  The remaining allegations of Paragraph 10 are admitted.

11.     Defendants admit that several subcontractors filed mechanics and materialmen's liens on the Mansions projects.  All other allegations of Paragraph 11 are denied.

12.     The allegations of the fourth sentence of Paragraph 12 are admitted.  All other allegations of Paragraph 12 are denied.

13.     The allegations of the third sentence of Paragraph 13 are admitted.  The remaining allegations of Paragraph 13 are denied.

14.     The allegations of the last sentence of Paragraph 14 are admitted.  All remaining allegations of Paragraph 14 are denied.

15.     Admitted that the slow pace of "rent ups" (among other things) carried the Mansions projects over the Citibank N.A. deadline and resulted in the posting for foreclosure by Citibank.  All other allegations of Paragraph 15 are denied.

16.     Admitted that in late July 2010 SCDC, as Special Limited Partner of the Debtor Partnerships, asserted its express contractual right to cause an additional general partner to be admitted to each of the Debtor Partnerships.  The last sentence of Paragraph 16 is admitted.  All other allegations of Paragraph 16 are denied.

17.     Denied.

18.     Admitted that the Debtor Partnerships have not pursued the tax evaluation litigation.  Defendants are without sufficient information to admit or deny certain allegations of Paragraph 18 which are therefore denied.  All other allegations of Paragraph 18 are denied.

19.     The allegations of the first and second sentences of Paragraph 19 are admitted. Admitted that HCHA elected to not proceed with the proposal described.  All other allegations of Paragraph 19 are denied.

20.     The allegations of Paragraphs 20, 21 and 22 appear to be purely legal conclusions. To the extent any allegations of fact are made within such paragraphs, they are denied.

21.     If not specifically addressed elsewhere in this answer, the factual allegations of the Complaint are denied.

## Additional Defenses

22.     Defendant Red is not liable in the capacity in which it has been sued.  The Complaint erroneously names Red as a party to the Partnership Agreements and transactions described.  SCDC is the Special Limited Partner of each of the Debtor Partnerships.  Red Capital Tax Credit Fund XXIV, LLC is the Investor Limited Partner of Mansions at Hastings Green

Senior, L.P. and its managing member is Red Capital Community Development Company, LLC. Provident Tax Credit Fund IX, LLC (whose managing member was Red Capital Community Development Company, LLC) was the original Investor Limited Partner of Mansions at Hastings Green, L.P.  Provident Tax Credit Fund IX, LLC was later merged into and with Red Tax Credit Fund XXVIII, LLC.  In light of the foregoing, Plaintiffs improperly allege the involvement and role of Red in the Debtor Partnerships and in connection with the transactions and occurrences made the subject of the Plaintiffs' Complaint.

23.     Plaintiffs do not have standing to assert claims against the Defendants under the Partnership Agreements, whether for breach of contract or alleged "negligence" in performance of the contracts.

24.     Defendants owe no duties to Plaintiffs  under the  Partnership Agreements.

25.     Plaintiffs' claims entitle SCDC to indemnity from the general partners of the Debtor Partnerships.  Plaintiffs have guaranteed the obligations of the general partners and have expressly waived and/or are estopped from asserting claims based on matters for which they have issued guarantees.  Plaintiffs' claims result in a circuity of actions which therefore extinguishes their claims.

26.     Defendants deny liability to Plaintiffs, but assert their right to designate responsible third-parties pursuant to Texas Civil Practice and Remedies Code § 33.004.  Such responsible third-parties include:

- the original general partners of the Debtor Partnerships and their managing members:

    o   Mansions at Hastings Green I, LLC and/or its managing member, Robert R. Burchfield, in the case of Debtor Mansions at Hastings Green, LP, and

    o   Mansions at Hastings Green Senior I, LLC and its managing member, Robert R. Burchfield, in the case of Debtor Mansions at Hastings Green Senior, LP.

- Robert R. Burchfield, designated the Developer of the two Mansions projects, is also a responsible third-party in that separate and independent capacity.

The factual bases for designating these responsible third-parties are more specifically set forth in the Defendant's Counterclaim and Third-Party action filed with this Answer and which is incorporated herein by reference.

27.    Defendants deny any liability to Plaintiffs, but are entitled to set off their claims against the Plaintiffs' claims upon entry of final judgment in this case.

WHEREFORE PREMISSES CONSIDERED, Defendants Red Capital Markets, LLC, and SCDC, LLC pray that upon final trial, Plaintiffs recover nothing and that Defendants be awarded costs of court and such additional relief to which they may show themselves justly entitled.

Respectfully submitted,

**JOYCE, MCFARLAND + MCFARLAND LLP**
712 Main Street, Suite 1500
Houston, Texas 77002
(713) 222-1113  (Direct Dial)
(713) 222-1112  (Telephone)
(713) 513-5577 (Facsimile)

By: _/s/Jeff Joyce_
     Jeff Joyce
     State Bar No. 11035400
     S.D. Tex. No. 10762

**ATTORNEYS FOR DEFENDANTS RED CAPITAL MARKETS, LLC, AND SCDC, LLC**

## CERTIFICATE OF SERVICE

I certify that on March 10, 2011, a true and correct copy of the foregoing was served as required by the Federal Rules of Civil Procedure and by Federal Express delivery to:

O. Otis Bakke
1272 Handkerchief Way
Haslet, Texas 76052
Facsimile: 817.439.1322
*Attorney for Plaintiffs*


/s/ Jeff Joyce
Jeff Joyce